**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |  |
|---|---|---|
| **JOHN M. ZAZZERA** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CASE NO. 8:26-cv-01709-MSS-SPF** |
| **vs.** | ) | |
| | ) | |
| **FIRST NATIONAL BANK** | ) | |
| **OF PASCO,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S PARTIAL ANSWER TO COUNTS I AND II OF PLAINTIFF'S VERIFIED COMPLAINT

Defendant FIRST NATIONAL BANK OF PASCO ("Defendant" or "FNBP"), by and through its undersigned counsel hereby files its Answer and Defenses to Counts I and II of the Verified Complaint [Doc. 1] filed by John M. Zazzera ("Plaintiff").

## INTRODUCTION

1. Defendant admits Plaintiff brings this Action for unlawful retaliation. Defendant denies the remaining allegations and inferences contained in Paragraph 1 and explicitly denies any violation of law or that Plaintiff is entitled to any damages or other relief.

1

2.  Defendant admits Plaintiff brings this Action under the cited statutes and alleges damages under each count in excess of $50,000. Defendant denies the remaining allegations and inferences contained in Paragraph 2 and explicitly denies any violation of law or that Plaintiff is entitled to any damages or other relief.

## JURISDICTION AND VENUE

3.  Defendant admits this Court has jurisdiction over the claims brought. Defendant denies all other allegations and inferences contained in Paragraph 3.

4.  Defendant admits this Court has jurisdiction over the claims brought. Defendant denies all other allegations and inferences contained in Paragraph 4.

5.  Defendant admits venue is proper in the Middle District of Florida. Defendant denies all other allegations and inferences contained in Paragraph 5.

6.  Defendant admits the allegations contained in Paragraph 6 for jurisdictional purposes only.

7.  Defendant admits venue is proper in this Court. Defendant denies all other allegations and inferences contained in Paragraph 7.

8.  Defendant admits the allegations in Paragraph 8.

## THE PARTIES

9. Defendant denies the allegations contained in Paragraph 9.

2

10.     Defendant admits it is a national banking association organized and existing under the laws of the United States, with its charter issued by the Office of the Comptroller of the Currency (OCC). The remaining allegations in Paragraph 10 consist of legal conclusions to which no response is required; however, to the extent a response is deemed necessary, Defendant denies them.

11.     Defendant is a national banking association organized and existing under the laws of the United States, with its charter issued by the Office of the Comptroller of the Currency (OCC). Defendant admits it is an FDIC-insured institution and maintains its principal place of business in Dade City, Florida. The remaining allegations in Paragraph 11 consist of legal conclusions to which no response is required; however, to the extent a response is deemed necessary, Defendant denies them.

12.     Defendant admits it is an FDIC-insured institution. The remaining allegations in Paragraph 12 consist of legal conclusions to which no response is required; however, to the extent a response is deemed necessary, Defendant denies them.

13.     Defendant admits the allegations contained in Paragraph 13.

14.     Defendant admits only that Plaintiff was briefly employed by Defendant between December 16, 2024 and June 13, 2025 when he was terminated for cause.

15.    Defendant admits only that Plaintiff was briefly employed by Defendant between December 16, 2024 and June 13, 2025 when he was terminated for cause.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

16.    Defendant admits the allegations contained in Paragraph 16.

17.    Defendant denies the allegations and inferences contained in Paragraph 17 as Plaintiff was only employed by Defendant between December 16, 2024 and June 13, 2025 when he was terminated for cause. Defendant further admits only that Exhibit "A" speaks for itself.

18.    Defendant denies the allegations and inferences contained in Paragraph 18.

19.    Defendant denies the allegations and inferences contained in Paragraph 19.

20.    The allegations and inferences contained in Paragraph 20 call for a legal conclusion to which no response is required.

21.    The allegations and inferences contained in Paragraph 21 call for a legal conclusion to which no response is required.

22.    Defendant denies the allegations and inferences contained in Paragraph 22.

23. Defendant denies the allegations and inferences contained in Paragraph 23 and strictly denies that Plaintiff engaged in any protected activity.

24. Defendant denies the allegations and inferences contained in Paragraph 24 and strictly denies that Plaintiff engaged in any protected activity.

25. Defendant denies the allegations and inferences contained in Paragraph 25 and strictly denies that Plaintiff engaged in any protected activity. To the extent one is required, Defendant denies same.

26. Defendant denies the allegations and inferences contained in Paragraph 26 and strictly denies that Plaintiff engaged in any protected activity.

27. Defendant denies the allegations and inferences contained in Paragraph 27 and strictly denies that Plaintiff engaged in any protected activity.

28. Defendant denies the allegations and inferences contained in Paragraph 28 and strictly denies that Plaintiff engaged in any protected activity.

29. Defendant denies the allegations and inferences contained in Paragraph 29 and strictly denies that Plaintiff engaged in any protected activity

30. Defendant admits that Plaintiff met with FNBP Board Chairman Ander "A.P." Gibbs and Vice Chairman Paul Midili (also Chair of the Directors Loan Committee) over lunch on June 3, 2025. Defendant denies the other allegations and inferences contained in Paragraph 30.

5

31.    Defendant denies the allegations and inferences contained in Paragraph 31.

32.    Defendant denies the allegations and inferences contained in Paragraph 32 and subparagraphs "a" through "g."

33.    Defendant denies the allegations and inferences contained in Paragraph 33.

34.    Defendant denies the allegations and inferences contained in Paragraph 34.

35.    Defendant is without knowledge as to the allegations contained in Paragraph 35 and therefore denies same.

36.    Defendant is without knowledge as to the allegations contained in Paragraph 36 and therefore denies same.

37.    Defendant admits Zazzera and other executives were terminated by the Bank on June 13, 2025 for cause.  Defendant denies the remaining allegations and inferences contained in Paragraph 37.

38.    Defendant denies the allegations and inferences contained in Paragraph 38.

39.    Defendant denies the allegations and inferences contained in Paragraph 39.

## COUNT I
## RETALIATION IN VIOLATION OF 12 U.S.C. § 1831j

40.     Defendant admits Plaintiff alleges a cause of action for retaliation under 12 U.S.C. § 1831j.  Defendant denies any violation of law and further denies that Plaintiff is entitled to any damages or other relief.

41.     Defendant reasserts and realleges its responses to Paragraphs 1 through 39 as though fully set forth herein.

42.     The allegations and inferences contained in Paragraph 42 call for a legal conclusion to which no response is required. To the extent one is required, Defendant denies same.

43.     The allegations and inferences contained in Paragraph 43 call for a legal conclusion to which no response is required. To the extent one is required, Defendant denies same.

44.     Defendant denies the allegations and inferences contained in Paragraph 44 and strictly denies that Plaintiff engaged in any protected activity.

45.     Defendant is without knowledge as to what Plaintiff believes and the allegations in Paragraph 45 are therefore denied.

46.     Defendant denies the allegations and inferences contained in Paragraph 46.

47.     Defendant denies the allegations and inferences contained in Paragraph 47 and strictly denies that Plaintiff engaged in any protected activity.

7

48.    Defendant denies the allegations and inferences contained in Paragraph 48 and further denies Plaintiff ever engaged in protected activity.

49.    The allegations and inferences contained in Paragraph 49 call for a legal conclusion to which no response is required. To the extent one is required, Defendant denies Plaintiff ever engaged in protected activity.

50.    Defendant admits it terminated Zazzera on June 13, 2025 for cause. Defendant denies the remaining allegations and inferences contained in Paragraph 50.

51.    Defendant denies the allegations and inferences contained in Paragraph 51.

52.    Defendant denies the allegations and inferences contained in Paragraph 52 and specifically denies Plaintiff is entitled to any damages or other relief.

Defendant denies the allegations and inferences contained in the WHEREFORE clause and its subparts (a) through (g) following Paragraph 52, and specifically denies Plaintiff is entitled to any damages or other relief.

## COUNT II
## RETALIATION UNDER FLORIDA'S PRIVATE SECTOR WHISTLEBLOWER ACT

53.    Defendant admits Plaintiff alleges a cause of action for retaliation under the Florida Private Sector Whistleblower Act. Defendant denies any

8

violation of law and further denies that Plaintiff is entitled to any damages or other relief.

54.    Defendant reasserts and realleges its responses to Paragraphs 1 through 39 as though fully set forth herein.

55.    The allegations and inferences contained in Paragraph 55 call for a legal conclusion to which no response is required. To the extent one is required, Defendant denies same.

56.    The allegations and inferences contained in Paragraph 56 call for a legal conclusion to which no response is required. To the extent one is required, Defendant denies same.

57.    Defendant denies the allegations and inferences contained in Paragraph 57 and denies Plaintiff ever engaged in protected activity.

58.    Defendant denies the allegations and inferences contained in Paragraph 58 and denies Plaintiff ever engaged in protected activity.

59.    Defendant admits it terminated Plaintiff's employment for cause. Defendant denies the remaining allegations and inferences contained in Paragraph 59.

60.    Defendant denies the allegations and inferences contained in Paragraph 60 and further denies that Plaintiff is entitled to any damages or other relief.

9

61. Defendant denies the allegations and inferences contained in Paragraph 61 and specifically denies Plaintiff is entitled to any damages or other relief.

62. Defendant denies the allegations and inferences contained in Paragraph 62 and specifically denies that it acted with malice or reckless indifference.

63. Defendant denies the allegations and inferences contained in Paragraph 63 and specifically denies Plaintiff is entitled to any damages or other relief.

64. Defendant denies the allegations and inferences contained in Paragraph 64 and specifically denies Plaintiff is entitled to any damages or other relief.

65. Defendant denies the allegations and inferences contained in Paragraph 65 and specifically denies Plaintiff is entitled to any damages or other relief.

Defendant denies the allegations and inferences contained in the WHEREFORE clause and its subparts (a) through (h) following Paragraph 65 and specifically denies Plaintiff is entitled to any damages or other relief.

10

## COUNT III
## BREACH OF EXPRESS CONTRACT

66-73. This Count is subject to Defendant's Motion to Dismiss filed concurrently with this Answer.

## JURY TRIAL DEMAND

Defendant admits that Plaintiff requests a jury trial for all issues so triable.

Defendant denies that Plaintiff will be able to present any issue triable by jury.

## GENERAL DENIAL

To the extent not expressly admitted herein, Defendant denies the allegations set forth in the Complaint.

## STATEMENT OF DEFENSES

As separate and distinct defenses to the Complaint, Defendant asserts the following:

## FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

11

## THIRD DEFENSE

Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in the Complaint and any damages which he allegedly suffered.

## FOURTH DEFENSE

Plaintiff's Complaint, and each alleged claim therein, is precluded because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against FNBP.

## FIFTH DEFENSE

Any amount which Plaintiff claims is due and owing to him for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits he earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. To the extent Plaintiff has failed to make reasonable attempts to mitigate his damages, Plaintiff's damages claims must be reduced.

## SIXTH DEFENSE

Plaintiff's claims for economic damages should be barred or limited by any after acquired evidence discovered by FNBP that would show that Plaintiff's employment would have been terminated on other grounds.

12

## SEVENTH DEFENSE

FNBP's conduct and actions were at all times undertaken in good faith, and without malice, ill-will, or reckless disregard toward Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred from recovery by the doctrine of unclean hands.

## NINTH DEFENSE

FNBP based all employment decisions regarding Plaintiff on legitimate, non-retaliatory factors.

## TENTH DEFENSE

Plaintiff cannot establish that FNBP engaged in an actual violation of law, rule, or regulation.

## ELEVENTH DEFENSE

Plaintiff did not engage in any protected activity within the meaning of the Florida Private Whistleblower's Act or 12 U.S.C. § 1831j.

## TWELFTH DEFENSE

Plaintiff cannot establish that any alleged protected activity was the "but-for" cause of any alleged adverse employment action.

## THIRTEENTH DEFENSE

Plaintiff's claims fail because FNBP did not authorize, participate in, or otherwise ratify any of the alleged conduct that Plaintiff claims was unlawful.

13

## FOURTEENTH DEFENSE

Plaintiff's claims exceed the amounts permissible under law and all such claims are subject to the limitations of appropriate statutory caps or limits existing at law.

## FIFTEENTH DEFENSE

FNBP was at all times required to take the actions it did against Plaintiff based on federal banking laws and regulations.

## SIXTEENTH DEFENSE

Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

## RESERVATION OF RIGHTS

FNBP reserves the right to amend or add any additional defenses or counterclaims which may become known during the course of discovery.

WHEREFORE, FNBP respectfully prays that this Court will: (i) enter judgment in its favor and against Plaintiff, (ii) award FNBP its costs of suit herein, (iii) award FNBP reasonable attorneys' fees as may be determined by the Court, and (iv) grant such other and further relief as this Court may deem just and proper.

DATED this 20th  day of July, 2026.

14

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:  (407) 246-8440

JACKSON LEWIS P.C.
Wells Fargo Center
100 South Ashley Drive, Suite 2200
Tampa, Florida 33602
Telephone:  (813) 512-3210

By:    */s/  R. Charles DiNunzio, Jr.*
        Amy K. Recla
        Florida Bar No. 102811
        Amy.Recla@jacksonlewis.com

        R. Charles DiNunzio
        Florida Bar No. 1029108
        charles.dinunzio@jacksonlewis.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July, 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:  Marc R. Edelman, Esq., Sophia L. Walker, Esq., Morgan & Morgan, P.A., 201 N. Franklin Street, 7th Floor, Tampa, Florida, 33602, MEdelman@forthepeople.com, Sophia.Walker@forthepeople.com.

                        */s/ R. Charles DiNunzio, Jr.*
                        R. Charles DiNunzio, Jr.

4925-8004-1659, v. 1

15